United States District Court<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK JACKSON, ASHLEY NICOLE JACKSON, a minor, BRIANA FREDRANIQUE ANNETTE JACKSON, a minor, and SHAWN YVETTE MARTIN,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PITTSBURG, AARON L. BAKER, individually and in his official capacity as Chief of Police of the City of Pittsburg Police Department, G. LOMBARDI, individually and as an officer of the City of Pittsburg Police Department (Badge # 275), C. SMITH, individually and as an officer of the City of Pittsburg Police Department (Badge # 285), P. DUMPA, individually and as an officer of the City of Pittsburg Police Department (Bade # 291), WILLIAM BLAKE HATCHER, individually and as an officer of the City of Pittsburg Police Department (Badge # 274), and DOES 1–100, inclusive,<br><br>Defendants.<br>_____/ | No. C 09-01016 WHA<br><br>**ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' NEGLIGENCE PER SE CLAIM FOR PERJURY; AND (2) DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' REMAINING NEGLIGENCE PER SE CLAIMS AND CONSPIRACY CLAIM** |

**INTRODUCTION**

In this Section 1983 action, defendants move to dismiss counts six and twelve of plaintiffs' complaint pursuant to FRCP 12(b)(6). Defendants make these motions on the grounds that plaintiffs' state claims of negligence per se and conspiracy are not supported by alleged facts. Because plaintiffs do not have a viable negligence per se claim for perjury,

1  defendants' motion to dismiss count six is **GRANTED IN PART**. Defendants have failed,
2  however, to establish that plaintiffs' remaining negligence per se claims and conspiracy claim
3  should be dismissed. Accordingly, defendants' motion to dismiss count six is **DENIED IN PART**
4  and motion to dismiss count twelve is **DENIED**.

**STATEMENT**

Plaintiff Frederick Jackson is the father of two minor daughters who will be referred to as A and B. He is also the father of Shawna Martin, an adult. On March 30, 2008, plaintiffs were at the Jackson residence in the City of Pittsburg, California. At approximately 9:00 pm, police officers of the City of Pittsburg arrived at the Jackson residence (Compl. ¶ 12). Plaintiffs claim that they were committing no crime on their property and posed no risk of harm to others at that time. After an unspecified confrontation with Officers Lombardi, Smith, Dupma, and Hatcher, Frederick directed profanity-laced comments at A (*id*. at ¶ 15). Defendants allegedly used excessive and wrongful force thereafter to arrest and detain Frederick. Both A and Shawna were handcuffed and allegedly subjected to excessive and wrongful force, although they were not arrested. B was a bystander to the incident. Afterwards, Frederick was transported to a local hospital for treatment of injuries sustained from the incident (*id*. at ¶ 14).

Plaintiffs claim that the officers subsequently filed an incident report that contained deliberately false information about their involvement and plaintiffs' behavior in Frederick's arrest. After being held for violations of California Penal Code Sections 243(b) and 148(a), Frederick was released without formal charges against him (*ibid*.).

On August 29, 2008, plaintiffs submitted a written claim to City of Pittsburg seeking at least $59,000 in damages from the March 30, 2008 incident (Exh. A). Their claim was rejected. On March 9, 2009, plaintiffs filed this complaint against defendants alleging twelve counts of various state and federal violations. Defendants now move to dismiss counts six and twelve, which pertain to claims of negligence per se and conspiracy.

**ANALYSIS**

A motion to dismiss under Rule 12(b)(6) tests for legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Material factual allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party, but courts are not bound to accept as true "a legal conclusion couched as a factual allegation." For the non-movant to defeat a Rule 12(b)(6) motion, a claim must be factually supported and plausible on its face — conclusory legal allegations and speculative inferences do not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949–50 (2009). The movant bears the burden of demonstrating failure to state claim in accordance with pleading requirements.[*]

Courts may take judicial notice of matters of public record outside the pleadings without converting defendants' motion to dismiss into one for summary judgment. *Lee v. Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). This is to prevent plaintiffs from surviving a defendant's Rule 12(b)(6) motion by deliberately omitting references to critical documents in the complaint. Plaintiffs' tort claim, submitted to City of Pittsburgh and attached by defendants, is the proper subject of judicial notice because it contains facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See* FRCP 201(b)(2).

    **1.**    **PRIVATE RIGHT OF ACTION**.

Defendants argue that part of plaintiffs' negligence per se claim should be dismissed because perjury, the alleged violation of California Penal Code Sections 118, 118.1 and 118a, is not actionable in a civil suit. Section 118.1, in particular, punishes a police officer who "knowingly and intentionally makes any statement regarding any material matter in the [police] report which the officer knows to be false." Such misconduct is considered perjury. Despite this criminal provision, California courts have ruled that perjury is not actionable in tort. *See Pollock v. Univ. of S. Cal.*, 112 Cal. App. 4th 1416, 1429 (2003); *Temple Community*

---

[*] Unless indicated otherwise, internal citations are omitted from all quoted authorities.

1  *Hosp. v. Superior Court*, 20 Cal. 4th 464, 472 (1999).  These rulings preclude plaintiffs from
2  bringing a claim based on defendants' perjured reports in the course of a criminal investigation.
3        Plaintiffs counter that their claim should proceed under California Evidence Code
4  Section 669 since defendants have breached legally required duties.  Section 669, which
5  permits an action for negligence per se, was enacted to codify California case law regarding
6  the presumption of negligence.  Under Section 669, failure of a person to exercise due care is
7  presumed if:  (1) the defendant violated a statute, ordinance, or regulation of a public entity;
8  (2) the violation proximately caused death or injury to person or property;  (3) death or injury
9  resulted from an occurrence of the nature which the statute, ordinance, or regulation was
10 designed to prevent;  and (4) the person suffering death or injury to his person or property
11 was one of the class of persons for whose protection the statute, ordinance, or regulation was
12 adopted.
13       Section 669's presumption of negligence in cases of statutory violations is only
14 applicable when there is a viable underlying negligence claim.  *Cal. Service Station and Auto.*
15 *Repair Ass'n v. Am. Home Assurance Co.*, 62 Cal. App. 4th 1166, 1178 (1988).  Here, plaintiffs
16 do not have a valid negligence claim.  To sidestep the rule that there is no civil claim for
17 perjury, plaintiffs have artfully pleaded negligence per se by reason of violations of Penal Code
18 Sections 118, 118.1 and 118a.  This is a blatant attempt to circumvent California law.
19 Moreover, Section 118.1 requires an intentional act, namely that of making false statements in
20 a police incident report.  Because negligence per se is not a legally cognizable theory when the
21 underlying statutes prohibit intentional conduct, this order dismisses plaintiffs' negligence per
22 se claim for perjury.
23       In addition to perjury, count six of plaintiffs' complaint alleged violations of California
24 Penal Code Sections 13510(a) and 13519.4(a).  Section 13510(a) states that the Commission
25 on Peace Officer Standards and Training must adopt "rules establishing minimum standards
26 relating to physical, mental, and moral fitness that shall govern the recruitment of any city
27 police officers."  Section 13519.4(a) requires a "course of basic training for law enforcement
28 officers [that] shall include adequate instruction on racial and cultural diversity in order to foster

4

1  mutual respect and cooperation between law enforcement and members of all racial and cultural
2  groups."

3  Defendants move to dismiss these allegations because "defendants' research has not
4  identified any reported case permitting a civil cause of action for an alleged violation of Penal
5  Code §§13510(a) and 13519.4(a)" (Br. 5). Plaintiffs' opposition states, there is "no authority
6  or argument cognizable in law that Defendants' Motion to Dismiss should be premised upon
7  Defendants' inability to find any case permitting a civil cause of action" (Opp. 6–7).
8  Neither side has provided authorities relevant to the issue. Moreover, it is unclear how
9  thorough "defendants' research" was. In these situations, the Court is not obliged to plow
10 through the case law on its own to determinate if plaintiffs' negligence per se claim can be
11 supported by alleged violations of Sections 13510(a) and 13519.4(a). Rather, it is incumbent
12 on counsel to assist the Court with at least modest briefing so as to reach a sound holding.
13 Because both sides have failed in this regard, defendants' motion to dismiss plaintiffs'
14 negligence per se claim on these grounds is denied. The Court requests that this motion not
15 be re-brought until summary judgment time.

16 **2.     PLAINTIFFS' TORT CLAIM.**

17 Defendants next argue that both the conspiracy claim and negligence per se claim for
18 alleged violations of California Penal Code Sections 13510(a) and 13519.4(a) should be
19 dismissed because such allegations were not addressed in plaintiffs' administrative tort claim.
20 Plaintiffs contend that their claim was filed in substantial compliance with the California Tort
21 Claims Act.

22 The Tort Claims Act establishes condition precedents for filing a suit against a
23 government agency for damages arising out of an alleged tort. The Act requires, in relevant
24 part, plaintiffs' submission of a written claim providing a "general description of the
25 indebtedness, obligation, injury, damage or loss incurred." Cal. Gov. Code § 910. This claim
26 must be rejected before plaintiffs may proceed to civil action. The purpose of the claim
27 requirement is to "provide the public entity sufficient information to enable it to adequately
28 investigate claims and to settle them, if appropriate, without the expense of litigation."

5

Since the claim serves a notice function, it need not describe facts in the same detail and specificity as required of a complaint. Courts are to give liberal construction to administrative claims, but may dismiss a complaint if it seeks recovery on a factual basis for which the claim gave insufficient notice. *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 446–449 (2004).

### A.     Negligence Per Se.

A plain reading of plaintiffs' written claim establishes that it adequately placed defendants on notice of a potential negligence per se violation of Section 13519.4(a). In the tort claim, plaintiffs identified themselves as African American, alleged that police officers used unwarranted and excessive force, and claimed "racial animus" as the officers' motivation (Exh. A at Attach. 4.a.). Plaintiffs specifically cited City of Pittsburg's "failure and/or deliberate indifference to the implementation of adequate procedures, policies, practices, training, customs and guidelines" (*ibid*.). This statement was reiterated a second time (*id*. at Attach. 5). In the complaint filed afterwards, plaintiffs alleged violation of Section 13519.4(a) for failure to provide police officer training on racial and cultural sensitivity (Compl. ¶ 41–42). Plaintiffs' administrative claim clearly reflected this allegation and stated the relevant factual basis.

With regard to Section 13510(a), a statute that generally requires standards of "physical, mental, and moral fitness" in police officers, the Court doubts — without deciding — whether plaintiffs can successfully claim negligence per se. Nevertheless, the immediate issue is whether plaintiffs' administrative claim provided sufficient notice of this particular allegation in plaintiffs' complaint. A review of the claim for underlying facts to support a negligence per se violation of Section 13510(a) is inconclusive. Because the Court is uncertain of what factual evidence constitutes a lack of "physical, mental and moral fitness," it cannot say as a matter of law that plaintiffs' written claim provided insufficient notice to defendants.

Plaintiffs were not required to specify in their written claim that defendants acted in violation of Penal Code Sections 13510(a) and 13519.4(a) since the statutes serve only as evidence of defendants' alleged negligence. On these statutory violations, this order finds that

defendants did not meet their burden in proving that plaintiffs' negligence per se claim violated the Tort Claims Act.

### B. Conspiracy.

Plaintiffs' administrative claim adequately placed defendants on notice of a potential civil conspiracy suit. Plaintiffs contend that the conspiracy claim is not based on a different set of facts because the tort claim alleged, "peace officers . . . misrepresented and falsified facts in the police incident report of said incident in deliberate fashion so as to after-the-fact create legal immunities" (Exh. A). They emphasize "deliberate" to argue that the city had notice of a potential conspiracy by officers to cover up their misconduct. Giving the required liberal construction to plaintiffs' tort claim, it is possible to infer a conspiracy to commit perjury on the basis of the alleged facts. *See Stockett*, 34 Cal. 4th at 504. Defendants do not demonstrate otherwise and instead argue that plaintiffs must specify a claim for conspiracy. This argument, however, misconstrues the purpose of the tort claim requirement.

Relevant facts for the remaining conspiracy allegations in the complaint are included in plaintiffs' tort claim. Defendants are accused of conspiring to use unlawful force against plaintiffs, to falsely arrest plaintiffs, and to discriminate on the basis of race (Compl. ¶ 70). Since conspiracy is usually a covert act, it may be proved by circumstantial evidence surrounding the co-conspirators' criminal activity. *People v. Cooks*, 141 Cal. App. 3d 224, 311 (1983). Plaintiffs' tort claim described a hostile encounter with police officers which the plaintiffs claimed was racially motivated. This statement compelled investigation into whether the officers tacitly conspired to use unlawful force in their confrontation with plaintiffs. The administrative claim gave defendants an adequate opportunity to evaluate their potential liability. Because defendants do not allege otherwise, the conspiracy portion of plaintiffs' claim is found in compliance with the California Tort Claims Act.

7

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss count six is **GRANTED IN PART** and **DENIED IN PART**. Defendants' motion to dismiss count twelve is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 12, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE