| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT | |
| FOR THE NORTHERN DISTRICT OF CALIFORNIA | |

FREDERICK JACKSON, A. JACKSON, a minor,
B. JACKSON, a minor, SHAWN YVETTE MARTIN,

    Plaintiffs,

  v.

CITY OF PITTSBURG, AARON L. BAKER, individually and in his official capacity as Chief of Police of the City of Pittsburg Police Department, G. LOMBARDI, individually and as an Officer of the City of Pittsburg Department (Badge #275), C. SMITH, individually and as an Officer of the City of Pittsburg Police Department (Badge #285), P. DUMPA, individually and as an Officer of the City of Pittsburg Police Department (Badge #291), WILLIAM BLACK HATCHER, individually and as an Officer of the City of Pittsburg Police Department (Badge #274), and DOES 1 through 100, inclusive,

    Defendants.

                                          /

No. C 09-01016 WHA

**ORDER GRANTING MOTION FOR LEAVE TO AMEND**

**INTRODUCTION**

In this civil-rights action, plaintiffs move for leave to amend to add an additional defendant, Officer Sara Spires, to the complaint. Plaintiffs do not seek to add any additional claims. Defendant City of Pittsburg opposes the motion on the grounds that plaintiffs have not been diligent in seeking leave to amend. For the reasons stated below, plaintiffs' motion is **GRANTED**.

**STATEMENT**

On March 9, 2009, plaintiffs Frederick Jackson, A. Jackson, B. Jackson, and Shawna Yvette Martin filed the instant action against City of Pittsburg, Aaron L. Baker, Officer Lombardi, Officer Smith, Officer Dumpa, Officer Hatcher, and Does 1 through 100. The complaint alleges, among other things, that on March 30, 2008, plaintiff Martin was arrested and subjected to unnecessary and excessive force by defendants who, ultimately, did not arrest her. At the time plaintiffs filed the complaint, they did not know the identity of the officer who arrested plaintiff Martin because the police report did not reflect plaintiff Martin's arrest nor identify the officer plaintiffs now believe arrested her, Officer Sara Spires (Decl. ¶ 3). In fact, at the time the complaint was filed, the only identifying information plaintiffs had in regards to the officer who arrested plaintiff Martin was that the officer was female.

On June 5, 2009, defendants listed Officer Spires in their initial disclosures (Opp. 2). On August 3, plaintiffs served their first wave of discovery on defendants (*ibid.*). Plaintiffs' first set of interrogatories asked for the identity of each officer who was involved in the incident (*ibid.*). Plaintiffs received defendants' responses on various days in October (Br. 2). In response, defendants listed ten officers, including, Officer Spires (*ibid.*). Defendants' initial disclosures and responses to plaintiffs' interrogatories included only the capacity and surname of the persons identified (e.g., Officer Lombardi, Sgt. Brown, etc.), making it impossible for plaintiffs to decipher the gender of the individuals (Br. 4).

On November 4, 2009, plaintiffs' counsel e-mailed defendants' counsel requesting "the identity of the officer who placed [plaintiff] Martin in custody" (Rooney Exh. A at 1). On November 12, defendants' counsel responded, "I have spoken with Officer Spires. Without waiving any privilege, *she* does not recall placing anyone in a patrol car" (*ibid.*) (emphasis added). This response notified plaintiffs for the first time that Officer Spires was female (Br. 4).

On November 25, 2009, plaintiffs served a request for production of documents on defendant City of Pittsburg (Br. 2) that requested a full-face, color photograph of each person identified in its discovery response. The purpose of the request was to enable plaintiff Martin

2

to identify the female officer who arrested her. Defendant produced photographs of Officer Lombardi, Sergeant Brown, and Officer Smith only (*ibid.*). At the time, defendant did not have a photograph of Officer Spires and therefore, did not produce one of her. On December 30, plaintiffs served a similar request for production of documents on defendants, but plaintiffs did not receive a timely response (Br. 3).

On January 12, 2010, plaintiffs deposed Officer Dumpa who confirmed, for the first time, that Officer Spires was the *only* on-scene, female officer (Br. 4). In February 2010, plaintiffs received a photograph of Officer Spires (Reply Br. 3).

Plaintiffs' attempt to obtain a stipulation from defendants to name Officer Spires in the instant action failed. On February 3, 2010, plaintiffs filed this motion for leave to amend to add Officer Spires as a defendant. Plaintiffs do not request to add additional claims.

**ANALYSIS**

Under Rule 15(a), leave to amend a complaint shall be freely given when justice so requires, but Rule 15(a) does not apply when a district court has established a deadline for amended pleadings under Rule 16(b). Once a district court has entered a case management order, subsequent amendments are not allowed without leave of the Court, and any such modification must be based on a showing of good cause. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). The good-cause standard focuses on the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party is not diligent, the inquiry should end." *Ibid.* (citation omitted).

The case management order of June 18, 2009, stated that leave to add any new parities or pleading amendments must be sought by July 31, 2009. Given that the date to add new parties or pleading amendments has passed, plaintiffs' request for modification must be based on a showing of good cause given the Rule 16(b) standard.

3

Defendants argue that plaintiffs do not have good cause for delaying their amendment to add Officer Spires to the complaint. They contend that plaintiffs were not diligent in seeking their amendment for two reasons. *First*, defendants argue that plaintiffs were not diligent because they, in their initial interrogatories, did not specifically ask for the identity of the female officer who arrested plaintiff Martin. Defendants are correct in their assertion, but fail to acknowledge that plaintiffs essentially did ask for the identity of the officer who arrested plaintiff Martin. On August 3, 2009, plaintiffs' first set of interrogatories asked for the identity of *each* officer who was involved in the incident. Such a request obviously included a request for the identity of the officer who arrested plaintiff Martin. Defendants, however, only provided the title and surname of the officers, which made it impossible for plaintiffs to determine the gender of the persons listed. This appears to the Court to have been a deliberate tactic, namely to leave out the first names and thus conceal the gender of the officers. So, plaintiffs were unable to decipher which officers were male and which officers were female. This problem could have been prevented if defendants answered plaintiffs' interrogatories thoroughly by including both the first and last name of the officers in either their initial disclosures or their responses to plaintiffs' interrogatories. Hence, plaintiffs were diligent in seeking the identity of Officer Spires because they did ask for the identity of each officer involved in the incident.

*Second*, defendants argue that plaintiffs were not diligent because they did not move for leave to amend when they learned of Officer Spires' identity on November 12 via defense counsel's e-mail. Defendants' argument is imprecise. Plaintiffs, technically, learned of Officer Spires' identity on June 5, 2009 through defendants' initial disclosures and again in October through defendants' interrogatory responses. Up until November 12, however, plaintiffs did not know the gender of Officer Spires. When plaintiffs' counsel e-mailed defendants' counsel asking for "the identity of the officer who placed [plaintiff] Martin in custody" (Rooney Exh. A at 1), defendants' counsel responded, "I have spoken with Officer Spires. Without waiving any privilege, she does not recall placing anyone in a patrol car" (*ibid.*). Defense counsel's response was vague and misleading. He neither answered the question nor provided information regarding the arrest of plaintiff Martin. Due to his vague response, plaintiffs were left to assume that

4

plaintiff Martin was arrested by some other on-scene, female officer. *On January 12, 2010, plaintiffs learned through Officer Dumpa's deposition that Officer Spires was in fact the only on-scene, female officer.* With this new information in hand, plaintiffs filed the instant motion three weeks later. Given the less than forthcoming nature of defendants' responses, plaintiffs were diligent in seeking their amendment.

The record indicates that plaintiffs were sincere and reasonably diligent in their efforts to attain the correct information, but were frequently misled by defendants incomplete, vague, and misleading responses. Plaintiffs asked defendants to identify the individuals involved on the day of the incident, but were only provided with titles and surnames. Plaintiffs asked for photos of the ten individuals identified in defendants' interrogatory response, but were only provided with three photos. Plaintiffs even specifically asked for the identity of the officer who arrested plaintiff Martin, but were only provided with the name of one officer who claimed not to recall arresting plaintiff Martin. Furthermore, defendants supplied plaintiffs with a photo of Officer Spires only after plaintiffs learned that Officer Spires was the only on-scene, female officer, and even then, the photo arrived a month after plaintiffs' revelation and three months after plaintiffs' original request. Plaintiffs have been patient and, more importantly, adequately diligent in seeking the correct information from defendants, and the amendment sought is vital to plaintiffs' ability to obtain full relief. Accordingly, plaintiffs' motion for leave to amend is **GRANTED**.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for leave to amend is **GRANTED**. The answer is due by all defendants by **MONDAY, MARCH 22, 2010**.

**IT IS SO ORDERED.**

Dated: March 11, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5