IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK JACKSON, ASHLEY NICOLE JACKSON, a minor, BRIANA FREDRANIQUE ANNETTE JACKSON, a minor, and SHAWN YVETTE MARTIN,<br><br>    Plaintiffs,<br><br>  v.<br><br>CITY OF PITTSBURG, AARON L. BAKER, individually and in his official capacity as Chief of Police of the City of Pittsburg Police Department, G. LOMBARDI, individually and as an officer of the City of Pittsburg Police Department (Badge # 275), C. SMITH, individually and as an officer of the City of Pittsburg Police Department (Badge # 285), P. DUMPA, individually and as an officer of the City of Pittsburg Police Department (Bade # 291), WILLIAM BLAKE HATCHER, individually and as an officer of the City of Pittsburg Police Department (Badge # 274), and DOES 1–100, inclusive,<br><br>    Defendants.<br>_____ / | No. C 09-01016 WHA<br><br>**FINAL PRETRIAL ORDER** |

    For good cause and after a final pretrial conference, the Court issues the following final pretrial order:

    1.    This case shall go to a **JURY TRIAL** on **JULY 12, 2010**, at **7:30 A.M.**, and shall continue until completed on the schedule discussed at the conference. The issues to be tried shall be those set forth in the joint proposed pretrial order except to the extent modified by order *in limine*. This final pretrial order supersedes all the complaint, answer and any counterclaims,

cross-claims or third-party complaints, *i.e.*, only the issues expressly identified for trial remain in the case.

2. Rulings on the motions *in limine* shall be summarized jointly by counsel and submitted by **JULY 9, 2010, AT NOON**.

3. Except for good cause, each party is limited to the witnesses and exhibits disclosed in the joint proposed final pretrial order less any excluded or limited by an order *in limine*. Materials or witnesses used solely for impeachment need not be disclosed and may be used, subject to the rules of evidence.

4. The stipulations of facts set forth in the joint proposed final pretrial order are approved and binding on all parties.

5. A jury of **8 PERSONS** shall be used.

6. Each side shall have **12 HOURS** to examine witnesses (counting direct examination, cross-examination, re-direct examination, re-cross examination, etc.). Opening statements and closing arguments shall not count against the limit. If, despite being efficient, non-duplicative, and non-argumentative in the use of the allotted time, one side runs out of time and it would be a miscarriage of justice to hold that side to the limit, then more time will be allotted.

7. The parties shall follow the Court's current *Guidelines for Trial and Final Pretrial Conference*, separately provided and available on the Internet at http://www.cand.uscourts.gov, which guidelines are incorporated as part of this order.

8. The motion to file a second amended complaint is granted and the current answer will be deemed the answer thereto.

9. Each side may submit by **JULY 8, 2010, AT 5 PM.,** briefing of up to 5 pages regarding the effect (if any) on this matter of the recent Ninth Circuit decision, *Bryan v. Macpherson*, 2010 WL 2431482 (June 18, 2010).

10. By **JULY 9, 2010, AT NOON**, the parties shall submit revised expert reports in proper form.

11. Plaintiffs shall submit by **JULY 8, 2010, AT 5 PM.**, a written explanation of no more than 5 pages regarding why they should be permitted to call their witness Pamela Jackson even though she was not timely disclosed. Defendants shall submit a reply of no more than 5 pages by **JULY 9, 2010, AT 5 P.M.**

**IT IS SO ORDERED.**

Dated: July 8, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3