1  PETER P. EDRINGTON, Esq. (074355)
   OWEN T. ROONEY, ESQ. (127830)
2  EDRINGTON, SCHIRMER & MURPHY
   2300 Contra Costa Boulevard, Suite 450
3  Pleasant Hill, CA 94523-3936
   Telephone: (925) 827-3300
4  Facsimile: (925) 827-3320

5  Attorneys for Defendants CITY OF PITTSBURG
   AARON L.BAKER, G. LOMBARDI, C. SMITH, S. DUMPA,
6  WILLIAM BLAKE HATCHER and S. SPIRES

7

8                 UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11 FREDERICK JACKSON; A. JACKSON, a     )  CASE NO.:  C09-01016 WHA
   minor; B. JACKSON, a minor; SHAWNA   )
12 YVETTE MARTIN,                        )
                                         )
13        Plaintiffs,                    )
                                         )  **ORDER RE: PLAINTIFFS' AND
14    v.                                 )  DEFENDANTS' MOTIONS IN
                                         )  LIMINE**
15 CITY OF PITTSBURG; AARON L.           )
   BAKER; individually and in his       )  **Trial Date:  7/12/10**
16 Official Capacity as CHIEF OF POLICE OF)
   THE CITY OF PITTSBURG POLICE         )
17 DEPARTMENT; G. LOMBARDI,              )
   individually and as an Officer of the CITY )
18 OF PITTSBURG POLICE DEPARTMENT        )
   (BADGE #275); C. SMITH, individually  )
19 and as an Officer of the CITY OF      )
   PITTSBURG POLICE DEPARTMENT           )
20 (BADGE #285); P. DUMPA, individually  )
   and as an Officer of the CITY OF      )
21 PITTSBURG POLICE DEPARTMENT           )
   (BADGE #291); WILLIAM BLAKE           )
22 HATCHER, individually and as an Officer )
   of the CITY OF PITTSBURG POLICE       )
23 DEPARTMENT (BADGE #274) SARA          )
   SPIRES,                               )
24 individually and as an Officer of the CITY )
   OF PITTSBURG POLICE DEPARTMENT;       )
25 and DOES 1-100, inclusive,            )
                                         )
26        Defendants.                    )
                                         )
27                                       )
                                         )
28                                       )
                                         )
   _____)

                              1

At the Pre-Trial Conference on July 7, 2010, the Court made the following orders in connection with plaintiffs' and defendants' respective Motions in Limine.

## I.   PLAINTIFFS' MOTIONS IN LIMINE

**A.   Plaintiffs' Motion in Limine #1 to Exclude Evidence of Plaintiff Frederick Jackson's Prior Convictions**

The following convictions will be admitted for impeachment purposes:

1. 1997 burglary (second degree);

2. 1997 forgery;

3. 1997 receipt of stolen property;

4. 1997 burglary (second degree); and

5. 1997 possession of a completed check or money order with intent to defraud.

The parties are only to refer to the title of these felonies.  Plaintiff is entitled to introduce evidence as to the age of these felonies.  If plaintiff opens the door to the underlying facts of his felony convictions, the Court may allow defendants to elicit further testimony regarding those underlying facts.

Evidence of plaintiff's 1990 forgery is excluded at this time.

The felony convictions for infliction corporal injury to a spouse or cohabitant and possession of marijuana for sale are not allowed because they do not go to plaintiff's veracity.  Defendants may impeach plaintiff as to the number of his felony convictions so long as they do not telegraph the particulars of the excluded offenses to the jury.

**B.   Plaintiffs' Motion in Limine #2 to Exclude Plaintiff Frederick Jackson's Prior Arrests**

This Motion in Limine was granted.

**C.   Plaintiffs' Motion in Limine #3 to Exclude Evidence of the Presence of Cocaine, Alcohol or Any Other Drug**

This Motion in Limine was denied.

**D.**   **Plaintiffs' Motion in Limine #4 to Limit The Scope of The Evidence Regarding The Events in Question and Plaintiff's Emotional State After Sustaining His Injuries**

This Motion in Limine was denied.

**E.**   **Plaintiffs' Motion in Limine #5 to Order All Named Defendants and Their Deposed Employees to Appear at Trial**

This Motion in Limine is moot.

## II.   DEFENDANTS' MOTIONS IN LIMINE

**A.**   **Defendants' Motion in Limine #1 to Exclude Evidence of Defendants' Use of Their Tasers on Any Other Date Than The Date of The Incident.**

This Motion in Limine was granted with the possible exception of Pamela Jackson. Plaintiffs' opposition improperly attempted to shift the burden of proof to defendants as to the propriety of these other tasers on any other date.

**B.**   **Defendants' Motion in Limine #2 to Exclude Any and All References to The Fact That The District Attorney Did Not Prosecute Frederick Jackson**

This Motion in Limine was granted with the possible exception that such references may be allowed if the defense creates a misimpression with the jury that could only be remedied by allowing evidence that the District Attorney did not prosecute plaintiff Frederick Jackson. No such references should be made in front of the jury pending further order by the Court.

**C.**   **Defendants' Motion in Limine #3 to Exclude Any and All References That Defense Counsel Instructed an Officer How to Testify**

This Motion in Limine was denied. The Court held that there is no expectation of privacy in connection with the alleged conversation between counsel and the clients.

**D.**   **Defendants' Motion in Limine #4 to Exclude Any and All References to Other Citizen Complaint**

This Motion in Limine was withdrawn.

3

**E.**   **Defendants' Motion in Limine #5 to Exclude Any and All References to Insurance Coverage**

This Motion in Limine was uncontested and is therefore granted.

**F.**   **Defendants' Motion in Limine #6 to Exclude Any and All References That The City of Pittsburg May Indemnify The Individual Defendants**

This Motion in Limine was uncontested and is therefore granted.

**G.**   **Defendants' Motion in Limine #7 to Exclude Plaintiffs' Anticipated Golden Rule Argument**

This Motion in Limine was uncontested and is therefore granted.

**H.**   **Defendants' Motion in Limine #8 to Prohibit Plaintiffs From Calling Witnesses Not Property Disclosed**

Michelle and Sean Martin are excluded as witnesses in plaintiffs' case-in-chief. They may possibly be allowed as rebuttal witnesses on behalf of plaintiffs pending further ruling by the Court.  Until such further ruling is made, no reference to them in front of the jury is allowed.

Plaintiffs withdrew and will not call Randall Martin.

Christpher "Pinkie" Olson, Salvador Cornejo and Nicole Camacho are precluded from testifying.  Plaintiffs did not demonstrate substantial justification for their late disclosure.

The court did not yet make a final ruling regarding Pamela Jackson.

Regarding Hilario Santayo Martinez, Danielle Pierce, Javier Ortiz, Francisco Mendez and Deflina Martinez, the court overruled the Motion in Limine on Rule 26 grounds.  However, in terms of relevancy, defendants are to attempt to subpoena these individuals for depositions no later than Saturday, July 10, 2010.  The depositions shall last no more than one hour each.

Plaintiffs withdrew Curtitean Richone.

4

I.    **Defendants' Motion in Limine #9 to Exclude Evidence of Alleged Hearsay Statements by the Paramedics to Frederick Jackson**

This Motion in Limine was withdrawn.

J.    **Defendants' Motion in Limine #10 to Limit the Testimony of Plaintiffs' Expert Roger Clark**

The court opined that Mr. Clark's report was inadequate and expressed improper opinions.  The parties have until July 9, 2010 at 12:00 p.m. for experts to provide supplemental reports specifying the exact standards upon which they rely.

K.    **Defendants' Motion in Limine #11 to Exclude References to Defendants' Post-Incident Conduct**

This Motion in Limine was denied.

L.    **Defendants' Motion in Limine #12 to Exclude Any and All References to Defendants Being Motivated by Racial Animus**

This Motion in Limine was uncontested and is therefore granted.

///

///

///

ORDER RE: PLAINTIFFS' AND DEFENDANTS' MOTIONS IN LIMINE

1

2

**MEHERSLE VOIR DIRE**

3

The Court will endeavor to voir dire the prospective jurors about the Mehersle

4

verdict.

5

6

DATED:  July 9, 2010        EDRINGTON, SCHIRMER & MURPHY LLP

7

8

By:  _____/s/_____

9

Peter P. Edrington, Esq.
Attorney for Defendants

10

DATED:  July 9, 2010        LAW OFFICES OF PANOS LAGOS

11

12

By:  _____/s/_____

13

Panos Lagos, Esq.
Attorney for Plaintiffs

14

15

**IT IS SO ORDERED**

16

17

18

Dated:  _____July 12, 2010._____

19

_____
Honorable William H—
United States—



20

21

22

23

24

25

26

27

28

6