**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7                     IN THE UNITED STATES DISTRICT COURT

8                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

9
10
11   FREDERICK JACKSON, ASHLEY NICOLE
     JACKSON, and BRIANA FREDRANIQUE
12   ANNETTE JACKSON,,

13            Plaintiffs,                              No. C 09-01016 WHA

14      v.

15   G. LOMBARDI, individually and as an officer of the
     City of Pittsburg Police Department (Badge # 275),
16   C. SMITH, individually and as an officer of the
     City of Pittsburg Police Department (Badge # 285),
17   P. DUMPA, individually and as an officer of the
     City of Pittsburg Police Department (Badge # 291),
18   and WILLIAM BLAKE HATCHER, individually and
     as an officer of the City of Pittsburg Police
19   Department (Badge # 274), and DOES 1–100,
     inclusive,
20
              Defendants.
21   _____/

22              **FINAL CHARGE TO THE JURY**

23
24
25
26
27
28

United States District Court

For the Northern District of California

1

2                                                    1.

3          It is your duty to decide this case and to find the facts from all the evidence presented in

4   the case.  To those facts you must apply the law as I now give it to you.  Copies of these

5   instructions will be available in the jury room for you to consult as necessary.  You must not be

6   influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that

7   you must decide the case solely on the evidence before you.  In following my instructions, you

8   must follow all of them and not single out some and ignore others; they are all equally important.

9   You must not read into these instructions or into anything the Court may have said or done as

10  suggesting what verdict you should return — that is a matter entirely up to you.

11                                                   2.

12         The evidence from which you are to decide what the facts are consists of:

13              1.     The sworn testimony of witnesses, on both direct and

14  cross-examination, regardless of who called the witness;

15              2.     The exhibits which have been received into evidence; and

16              3.     The sworn testimony of witnesses in depositions read into

17  evidence.

18                                                   3.

19         In reaching your verdict, you may consider only the testimony and exhibits received into

20  evidence.  Certain things are not evidence and you may not consider them in deciding what the

21  facts are.  I will list them for you:

22              1.     Arguments, statements and objections by lawyers are not evidence.

23  The lawyers are not witnesses.  What they have said in their opening statements,

24  closing arguments and at other times is intended to help you interpret the

25  evidence, but it is not evidence.  If the facts as you remember them differ from the

26  way the lawyers have stated them, your memory of them controls.

27

28

United States District Court

For the Northern District of California

2.      A suggestion in a question by counsel or the Court is not evidence unless it is adopted by the answer.  A question by itself is not evidence. Consider it only to the extent it is adopted by the answer.

3.      Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered.  Demonstrative charts and diagrams were shown to you but are not evidence (unless admitted into evidence).

4.      Anything you may have seen or heard when the Court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

4.

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may explain the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in light of reason, experience and common sense.  You should consider both kinds of evidence.  It is for you to decide how much weight to give to any evidence.

5.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says or part of it or none of it.  In considering the testimony of any witness, you may take into account:

1.      The opportunity and ability of the witness to see or hear or know the things testified to;

2.      The witness' memory;

3.      The witness' manner while testifying;

3

United States District Court

For the Northern District of California

4.      The witness' interest in the outcome of the case and any bias or prejudice;

5.      Whether other evidence contradicted the witness' testimony;

6.      The reasonableness of the witness' testimony in light of all the evidence; and

7.      Any other factors that bear on believability.

6.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  Nor does it depend on which side called the witnesses or produced evidence.

7.

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or to do something, that is inconsistent with the witness' present testimony.  If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

8.

Discrepancies in a witness' testimony or between a witness' testimony and that of other witnesses do not necessarily mean that such witness should be discredited.  Inability to recall is common.  Innocent misrecollection is not uncommon.  Two persons witnessing an incident or a transaction sometimes will see or hear it differently.  Whether a discrepancy pertains to an important matter or only to something trivial should be considered by you.

However, a witness willfully false in one part of his or her testimony is to be distrusted in others.  You may reject the entire testimony of a witness who willfully has testified falsely on a material point, unless, from all the evidence, you believe that the probability of truth favors his or her testimony in other particulars.

United States District Court
For the Northern District of California

9.

You have heard testimony from witnesses referred to as "expert witnesses."  These are persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.  Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion and all the other evidence in the case. If an expert witness was not present at the events in question, his or her opinion is necessarily based on an assumed set of circumstances.  In evaluating the opinion during the trial, you should take into account the extent to which you do agree or do not agree with the circumstances assumed by the expert witness.

10.

In these instructions, I will often refer to the burden of proof.  The burden of proof in this case is known as a burden of proof by a preponderance of the evidence.  When a party has the burden of proof on any issue by a preponderance of the evidence, it means you must be persuaded by the evidence that the issue is more probably true than not true.  To put it differently, if you were to put the evidence favoring Party No. 1 and the evidence favoring Party No. 2 on opposite sides of a scale, the party with the burden of proof on the issue would have to make the scale tip somewhat toward its side.  If the party fails to meet this burden, then the party with the burden of proof loses on that issue.  Preponderance of the evidence basically means "more likely than not."

11.

On any claim, if you find that plaintiff carried his or her burden of proof as to each element of a particular claim, your verdict should be for plaintiff on that claim.  If you find that plaintiff did not carry his burden of proof as to each element, you must find against plaintiff on that claim.  You should decide the case as to each plaintiff and each defendant separately.  Unless otherwise stated, these instructions apply to all parties.

12.

I will now give you the details on the law governing these claims.  Plaintiffs Frederick Jackson and Ashley Jackson allege claims against defendants Officers Smith, Dumpa, Hatcher,

and Lombardi under the federal civil rights act.  Section 1983 of Title 42 of the United States

Code allows individuals to sue for violations of rights protected under the United States

Constitution.  This does not include state law violations or anything other than violations of the

United States Constitution.  To establish a Section 1983 claim, each plaintiff has the burden to

prove all of the following elements by a preponderance of the evidence against each defendant:

> 1.  The acts of the defendant were intentional,
>
> 2.  The defendant acted under color of state law, and,
>
> 3.  The acts of the defendant caused a deprivation of the plaintiff's rights

under the United States Constitution.

If you find that each of the elements on which a plaintiff has the burden of proof has been

proven as to one of the defendants, your verdict should be for that plaintiff and against that

defendant.  If, on the other hand, the plaintiff has failed to prove one or more of these elements,

your verdict should be for the defendant.

13.

Each element will now be explained more fully.  *First*, you must find that the acts of a

defendant were intentional.  An act is intentional if it is done knowingly, that is, if it is done

voluntarily and deliberately and not because of accident or negligence.  An act may be intentional

even if the act was committed without malice or ill will.

14.

*Second*, acts are done under color of state law when a person acts or purports to act in the

performance of official duties under any state, county or municipal law, ordinance or regulation.

The parties have stipulated that defendants acted under color of state law.  So you need not worry

over this element.

15.

*Third*, each plaintiff must show that a defendant's conduct "caused" a violation of his or

her rights under the United States Constitution.  A "cause" of injury is something that is a

substantial factor in bringing about the injury.  A substantial factor in causing harm is a factor that

**United States District Court**
For the Northern District of California

6

United States District Court

For the Northern District of California

1  a reasonable person would consider to have contributed to the harm.  It must be more than a

2  remote or trivial factor.  It does not have to be the only cause of harm.

3                                                    16.

4           Now, what is the constitutional right here alleged?  First, I will explain the Fourth

5  Amendment.  Plaintiffs Frederick Jackson and Ashley Jackson claim that individual officer

6  defendants deprived them of their Fourth Amendment rights.

7           The Fourth Amendment, which is part of the Constitution, prohibits arrests unless based

8  on probable cause to believe a crime has or is being committed.  It also provides in relevant part,

9  "The right of the people to be secure in their persons. . . against unreasonable searches and

10  seizures, shall not be violated."  The Fourth Amendment allows police officers to use physical

11  force so long as, in light of all the facts and circumstances perceived by them, they reasonably

12  believe that the force used is needed to protect themselves or members of the public or to prevent

13  a crime.  Force is excessive when no officer could reasonably believe that it was necessary to

14  protect themselves or members of the public or to prevent a crime.  In deciding whether excessive

15  force was used, you should consider the totality of the circumstances perceived by the officer at

16  the time.  The reasonableness of a particular use of force must be judged from the information

17  known to the officer at the time and at the scene, rather than with the benefit of hindsight.  Police

18  officers are not necessarily required to use the least intrusive force so long as the force they use is

19  within reason, based on the facts and circumstances perceived by the officer.

20          Whether force is reasonably necessary or excessive is measured by the force a reasonable

21  and prudent law enforcement officer would have used under the circumstances.  Some of the

22  things you may want to consider in determining whether the officers used excessive force in this

23  case are:

24          1.       The severity of the crime or other circumstances to which

25                   the officers were responding,

26          2.       Whether the plaintiff posed an immediate threat to the safety

27                   of the officers or to others,

28

7

United States District Court
For the Northern District of California

3.      Whether the plaintiff was actively resisting or refusing to
        obey a lawful police order,

4.      How quickly the officer had to decide on the type and
        amount of force,

5.      The type and amount of force used,

6.      The availability of alternative less intrusive methods to
        subdue the plaintiff.

The use of a taser gun is a use of force.  Placing someone against a police car is use of force.  Whether any of these methods were used in an excessive manner is for you to decide.

17.

If you find that all three officers shot their tasers at the same time, then no officer can be liable so long as that officer individually had justification for his action, for he can only be liable, if at all, for his conduct based on facts and circumstances perceived by him.  In other words, the Constitution did not require that the officers coordinate their use of the tasers so long as the exigencies of the circumstances precluded any such coordination.  On the other hand, if you find that an officer already knew that one or more shots had already successfully hit plaintiff before firing his own, assuming you were to make such a finding, then you must decide whether that additional development so diminished the need for yet another shot that an additional tasing was excessive.  In this regard, counsel have stipulated that the three shots were "virtually simultaneous."  It is for you to decide from all the evidence how much time existed, if any, between the shots.  It is for you to decide from all the evidence whether each officer was justified in deploying his taser.

18.

In general, an arrest, with or without a warrant, is reasonable if the arresting officer has probable cause to believe the subject has committed or is committing a crime.  In order to prove that his arrest in this case was unreasonable, plaintiff Frederick Jackson must prove by a preponderance of the evidence that he was arrested without probable cause.  "Probable cause" exists when, under all of the circumstances known to the officers at the time, an objectively

United States District Court

For the Northern District of California

1   reasonable police officer would conclude there is a fair probability that the subject has committed

2   or was committing a crime.

3                                          19.

4          It is a crime to willfully resist, delay or obstruct any public officer, or peace officer, in the

5   discharge or attempt to discharge any duty of his or her office or employment.  It is also a crime

6   to commit a battery against the person of a peace officer engaged in the performance of his duties.

7   Battery is any willful and unlawful use of force or violence upon the person of another.  It is also

8   unlawful to attempt, by means of any threat or violence, to deter or prevent a peace officer from

9   performing any duty imposed upon such officer by law, or knowingly resist, by the use of force or

10  violence, such officer, in the performance of his or her duty.

11         A police officer who makes or attempts to make an arrest or detention does not need to

12  retreat or desist from his or her efforts by reason of the resistance or threatened resistance of the

13  person being arrested or detained, nor shall such officer be deemed an aggressor or lose his or her

14  right to self-defense by the use of reasonable force to effect the arrest or detention or to prevent

15  escape or to overcome resistance.  The law entitles an arresting or detaining police officer, who

16  has reasonable cause to believe that the person to be arrested or detained has committed an

17  offense, to use reasonable force to effect the arrest, to prevent escape or to overcome resistance.

18                                         20.

19         You have heard that Frederick Jackson was previously convicted of various felonies.

20  The officers, however, did not know this at the time of the March 30 incident and thus this could

21  not be part of any justification for any police conduct.  You may, however, consider these felonies

22  for purposes of evaluating the credibility of Mr. Jackson.  It is up to you to decide how much

23  weight to give this evidence, just as it is for all other evidence.

24                                         21.

25         There has been evidence about when the officer discovered the two knives and when they

26  learned that Mr. Jackson kicked out the car window.  Facts learned only after the fact cannot be

27  used to justify police conduct.  By the same token, information known to the officers, such as the

28  911 calls, and the information observed by the officers at the scene leading up to the tasing and

                                            9

handcuffing were all facts and circumstances on which the officers were entitled to act.  This is true even if it turns out that the 911 information eventually proved to be incorrect in part.

The question for you is whether the facts and circumstances facing each officer justified that officer's decision to use force.  Information learned after the fact, as stated, can be considered by you only for determining credibility of witnesses.

22.

Although good practice and procedure may call for police reports and for the dataport downloads to be reasonably accurate, there is no constitutional requirement that police reports and dataport downloads be accurate or even require reports in the first place.  Therefore, you may not impose liability on anyone merely for preparing a false report or tolerating inaccurate dataport downloads, assuming you were to find them false or inaccurate in the first place.  If you find such an item to have been knowingly false, however, you may consider it in evaluating the credibility of any officer responsible for any false statement.

23.

You have heard some evidence about profanity, so I will instruct you on the role of profanity under the law.  Plaintiffs had a free-speech right to swear at the police but the police were entitled to consider the profanity directed against them in gauging the risk of immediate violence.  Put differently, the police should not have punished anyone for cursing them but the police could consider the cursing to evaluate the risk of immediate violence.  By the same token, you have heard some evidence that the police used profanity.  The Constitution does not prohibit profanity by public officials and does not require politeness by police officers.  Put differently, even though we all expect police officers to be polite, the Constitution does not require it and there can be no Section 1983 claim merely for use of profanity.  If, however, you find that profanity was used by the police, you may consider it in evaluating the mental attitude of the officers at the time.  That an officer used profanity would not by itself mean he or she acted with excessive force but may be considered by you in making that determination.  I am not suggesting to you that profanity was or was not used.  That is for your consideration.

United States District Court

For the Northern District of California

10

United States District Court

For the Northern District of California

24.

In this case, there is also a First Amendment claim.  Plaintiff Frederick Jackson alleges defendants Lombardi, Smith, Dumpa and/or Hatcher deprived him of his rights under the First Amendment to the Constitution when he objected to the conduct of defendants.

Under the First Amendment, a citizen has the right to free expression.  In order to prove defendants Lombardi, Smith, Dumpa and/or Hatcher deprived plaintiff Frederick Jackson of his First Amendment right, plaintiff must prove the following additional elements by a preponderance of the evidence:

      1.      Plaintiff Frederick Jackson engaged in speech protected under the First Amendment, and

      2.      In retaliation for such protected speech, defendants Lombardi, Smith, Dumpa and/or Hatcher tased, slammed or arrested plaintiff.

25.

One of the jurors asked whether *Miranda* rights were read to plaintiff Frederick Jackson.  The answer is no, but you should be advised that this has nothing to do with this case.  The *Miranda* rule applies only in criminal cases to make sure any statement made at the scene by a criminal defendant is voluntary.  That is not an issue in this civil case.  Your deliberations should not be influenced by the fact that *Miranda* warnings were not given in this case.

26.

Plaintiff Briana Jackson claims that she suffered serious emotional distress as a result of watching an injury to Frederick Jackson.  To establish this claim, plaintiff Briana Jackson must prove all of the following:

      1.      That Officer Lombardi, Smith and/or Dumpa negligently caused injury to Frederick Jackson,

      2.      That Briana Jackson was present at the scene of the injury when it occurred and was aware that Frederick Jackson was being injured,

United States District Court

For the Northern District of California

1            3.       That Briana Jackson suffered serious emotional distress, and

2            4.       That Officer Lombardi, Smith and/or Dumpa's conduct was

3        a substantial factor in causing Briana Jackson's serious emotional

4        distress.

5        Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

6        A person can be negligent by acting or by failing to act.  A person is negligent if he or

7 she does something that a reasonably careful person would not do in the same situation or fails to

8 do something that a reasonably careful person would do in the same situation.

9        Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety,

10 worry, shock, humiliation, and shame.  Serious emotional distress exists if an ordinary, reasonable

11 person would be unable to cope with it.

12                            27.

13        The Court and the parties have narrowed and reduced the number of claims you must

14 decide.  You should not in any way construe this as suggesting in any way what your verdict

15 should be as to those issues submitted to you for decision.  The eliminated claims should not

16 influence your deliberation or verdict in any way.

17                            28.

18        It is the duty of the Court to instruct you about the measure of damages.  By instructing

19 you on damages, the Court does not mean to suggest for which party your verdict should be

20 rendered.

21        If you find for one or more of the plaintiffs, you must determine his or her damages.

22 Plaintiffs have the burden of proving damages by a preponderance of the evidence.  Damages

23 means the amount of money which will reasonably and fairly compensate plaintiffs for any injury

24 you find was caused by defendants.  You should consider the following:

25            1.       The nature and extent of the injuries,

26            2.       The disability, disfigurement, loss of enjoyment of life

27        experienced and which with reasonable probability will be

28        experienced in the future,

3.      The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future,

4.      The reasonable value of necessary medical care, treatment, and services received to the present time, provided, however, that if defendants have shown that a lesser amount was accepted as payment in full by the medical-care providers, then no more than the lesser amount,

5.      The reasonable value of necessary medical care, treatment, and services which with reasonable probability will be required in the future, and

6.      The reasonable value of wages, earnings, earning capacity, salaries, employment and employment opportunities lost before plaintiffs returned to work.

29.

Plaintiffs have the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.  You are not permitted to include speculative damages, which means compensation for future loss or harm which, although possible, is conjectural or not reasonably certain.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.  However, if you determine that a plaintiff has proven liability, you must compensate him or her for any loss or harm caused by the injury in question which the evidence shows is reasonably certain.

30.

Plaintiffs are not entitled to damages for any physical condition that they had before the incident in question.  However, if plaintiffs had physical conditions that were made worse by defendants' wrongful conduct, you must award them damages that will reasonably and fairly compensate them for the incremental effect on that condition.

United States District Court

For the Northern District of California

31.

The law which applies to this case authorizes an award of nominal damages.  If you find for plaintiff Frederick Jackson or Ashley Jackson, but you find that he or she has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

32.

If you find for plaintiff Frederick Jackson or Ashley Jackson, you may, but are not required to, award them punitive damages.  The purposes of punitive damages are to punish a defendant or defendants and to deter a defendant and others from committing similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

Plaintiffs have the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence.  You may award punitive damages only if you find that the conduct of defendant Officer Lombardi, Officer Smith, Officer Dumpa, and/or Officer Hatcher was malicious, or reckless disregard of a plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another.  Conduct is in reckless disregard of a plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety, rights, or if the defendant acts in the face of a perceived risk that his, her or its actions will violate the plaintiff's rights under federal law.

If you find that punitive damages are appropriate, there will be a short supplemental resumption of the trial to argue the appropriate amount of punitive damages.  This would be immediately after your verdict.

You may impose punitive damages against one or some defendants but not others, or all of them, or none of them.

33.

"Malice" means conduct which was intended to cause injury to plaintiff or despicable conduct which was carried on with a willful and conscious disregard for the rights or safety of others.

14

1    "Despicable conduct" is conduct which is so vile, base, contemptible, miserable,

2    wretched or loathsome that it would be looked down upon and despised by ordinary decent

3    people.  A person acts with conscious disregard of the rights or safety of others when he or she is

4    aware of the probable dangerous consequences of his or her conduct and willfully and

5    deliberately fails to avoid those consequences.

6        "Oppression" means despicable conduct that subjects a person to cruel and unjust

7    hardship in conscious disregard of that person's rights.

8        "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact

9    known to the defendant with the intention on the part of the defendant of thereby depriving a

10    person of property or legal rights or otherwise causing injury.

11                                34.

12    When you begin your deliberations, you should elect one member of the jury as your

13    foreperson.  That person will preside over the deliberations and speak for you here in court.

14    I recommend that you select a foreperson who will be good at leading a fair and balanced

15    discussion of the evidence and the issues.

16                                35.

17    In your deliberations it is usually a mistake to take a straw vote early on.  This is due to

18    the risk of jury members expressing a premature opinion and then, out of pride, digging their

19    heels.  Rather, it is usually better to discuss the evidence, pro and con, on the various issues

20    before proceeding to take even a straw vote.  In this way, all the viewpoints will be on the table

21    before anyone expresses a vote.  These are merely recommendations, however, and it is up to you

22    to decide on how you wish to deliberate.

23                                36.

24    Your verdict as to each claim and as to damages, if any, must be unanimous.  Each of you

25    must decide the case for yourself, but you should do so only after you have considered all of the

26    evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

27

28

**United States District Court**
For the Northern District of California

**37.**

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**38.**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**39.**

When you retire to the jury room to deliberate, the Clerk will bring you the following:

1.    All of the exhibits received into evidence;

2.    An index of the exhibits;

3.    A work copy of these jury instructions for each of you;

4.    A work copy of the verdict form for each of you; and

5.    An official verdict form.

You do not have to discuss the questions in the strict sequence indicated in the special verdict form, but you must, by the end, answer them unanimously as indicated in the form.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels containing your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

**40.**

A United States Marshal will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you

**United States District Court**
For the Northern District of California

1    send out a question, I will consult with the lawyers before answering it, which may take some

2    time.  You may continue your deliberations while waiting for the answer to any question.

3    Remember that you are not to tell anyone — including me — how the jury stands, numerically or

4    otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not

5    disclose any vote count in any note to the Court.

6                                                  41.

7           You have been required to be here each day from 7:45 a.m. to 1:00 p.m.  Now that you

8    are going to begin your deliberations, however, you are free to modify this schedule within

9    reason.  For example, if you wish to continue deliberating in the afternoons after a reasonable

10   lunch break, that is fine.  The Court does, however, recommend that you continue to start your

11   deliberations by 8:00 a.m.

12          It is very important that you let the Clerk know in advance what hours you will be

13   deliberating so that the lawyers may be present in the courthouse at all times the jury is

14   deliberating.

15                                                 42.

16          You may only deliberate when all of you are together.  This means, for instance, that in

17   the mornings before everyone has arrived, or when someone steps out of the jury room to go to

18   the restroom, you may not discuss the case.  As well, the admonition that you are not to speak to

19   anyone outside the jury room about this case still applies during your deliberation.

20                                                 43.

21          After you have reached a unanimous agreement on a verdict, your foreperson will fill

22   in, date and sign the verdict form and advise the Court through the marshal that you have reached

23   a verdict.  The foreperson should hold on to the filled-in verdict form and bring it into the

courtroom when the jury returns the verdict.  Thank you for your careful attention.  The case is

now in your hands.  You may now retire to the jury room and begin your deliberations.


Dated:  July 22, 2010.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California