IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FREDERICK JACKSON, ASHLEY NICOLE JACKSON, a minor, BRIANA FREDRANIQUE ANNETTE JACKSON, a minor, and SHAWNA YVETTE MARTIN,

    Plaintiffs,

  v.

CITY OF PITTSBURG, AARON L. BAKER, individually and in his official capacity as Chief of Police of the City of Pittsburg Police Department, G. LOMBARDI, individually and as an officer of the City of Pittsburg Police Department (Badge # 275), C. SMITH, individually and as an officer of the City of Pittsburg Police Department (Badge # 285), P. DUMPA, individually and as an officer of the City of Pittsburg Police Department (Badge # 291), WILLIAM BLAKE HATCHER, individually and as an officer of the City of Pittsburg Police Department (Badge # 274), SARA SPIRES, individually and as an officer of the City of Pittsburg Police Department, and DOES 1–100, inclusive,

    Defendants.
                                           /

No. C 09-01016 WHA

**ORDER DENYING PLAINTIFFS' MOTION TO SEAL THE TESTIMONY OF ROGER CLARK**

      Plaintiffs' motion to seal the testimony of expert witness Roger Clark is **DENIED.** Clark's testimony was in open court and a matter of public record. The Ninth Circuit has emphasized that there is a "strong presumption" in favor of public access to court documents. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Litigants must present "compelling reasons," beyond good cause, to justify sealing court records. *Ibid.* These reasons must by supported by "articulable facts" identifying both the secrecy interests and how these interests outweigh the public interest in access. *Id.* at 1181.

Plaintiffs claim that circulation of the testimony will violate California law and injure Clark. But plaintiffs have not identified particular offending instances of testimony and have not narrowly tailored their motion to seal or redact only that testimony. This omission runs afoul of Civil Local Rule 79-5(a).

Plaintiffs may make a new, more particularized, motion to seal. But if plaintiffs do not bring a new motion by **NOON ON MONDAY, AUGUST 30,** the Court will order the clerk to unseal the testimony. Plaintiffs are on notice that a new motion must (1) be narrowly tailored in light of the strong presumption in favor of access to court documents, conforming to Civil Local Rule 79-5; (2) articulate facts in support of compelling reasons to seal, in accordance with *Kamakana*; and (3) address the extent to which contemporaneous evidentiary objections were made, or not made, and why resolution of any such objections should not also resolve the issues presented by their motion to seal.

The hearing set for September 2, 2010, at 8:00 a.m. is hereby **VACATED.**

**IT IS SO ORDERED.**

Dated: August 23, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2