IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FREDERICK JACKSON, ASHLEY NICOLE
JACKSON, a minor, BRIANA
FREDRANIQUE ANNETTE JACKSON, a
minor, and SHAWNA YVETTE MARTIN,

Plaintiffs,

v.

CITY OF PITTSBURG, AARON L. BAKER,
individually and in his official capacity as
Chief of Police of the City of Pittsburg Police
Department, G. LOMBARDI, individually and
as an officer of the City of Pittsburg Police
Department (Badge # 275), C. SMITH,
individually and as an officer of the City of
Pittsburg Police Department (Badge # 285),
P. DUMPA, individually and as an officer of
the City of Pittsburg Police Department (Badge
# 291), WILLIAM BLAKE HATCHER,
individually and as an officer of the City of
Pittsburg Police Department (Badge # 274),
SARA SPIRES, individually and as an officer of
the City of Pittsburg Police Department,
and DOES 1–100, inclusive,

Defendants.
                                                                    /

No. C 09-01016 WHA

**ORDER DENYING PLAINTIFFS'
ADMINISTRATIVE MOTION TO
FILE UNDER SEAL TESTIMONY
OF ROGER CLARK AND
VACATING HEARING**

Plaintiffs' renewed motion to seal the trial testimony of expert witness Roger Clark

is **DENIED.**

True, Expert Clark has a privacy right in his personnel record from his

employment long ago with the Los Angeles Sheriff's Department.  But, as a threshold

matter, it is unclear that the personnel record itself is at issue.  In their original motion to

seal, plaintiffs asserted that defense counsel "presented" the personnel record to Expert

Clark and "used" it in the trial (*see* Dkt. No. 211).  But, plaintiffs now cast doubt on

1  whether defense counsel read portions or merely "pretended to read" (Br. 2). What is
2  clear is that the personnel record was not admitted into evidence, marked as an exhibit, or
3  shown to the jury. It is tenuous to claim that the personnel record has entered the public
4  record.

5  As the previous order denying plaintiffs' motion to seal indicated (*see* Dkt. No.
6  238), plaintiffs must present "compelling reasons" to justify sealing court records.
7  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Plaintiffs
8  contend that Expert Clark has an overriding privacy interest in his personnel record and
9  that defense counsel's purpose in questioning Clark — to preclude him from again
10 testifying effectively as a police practices expert — was improper. Even assuming
11 *arguendo* that some contents of the personnel record have bled into the public record,
12 plaintiffs have failed to meet their burden of showing how these interests outweigh the
13 public interest in access.

14 Holding himself out as an expert witness, Expert Clark has no privacy right not to
15 be asked pointed questions during cross examination. Yes, it is possible that in the future
16 Expert Clark will be impeached in some other litigation with the answers given in our
17 trial. This, however, goes with the territory of being an expert witness for hire. The
18 particular answers given here were not so far afield to warrant the extreme relief sought by
19 this motion. In future trials, the trial judge therein can rule on motions in limine to restrict
20 any counsel from referencing the testimony given in our trial. That judge will be in a
21 much better position to see the potential role of the testimony.

22 The hearing set for October 7, 2010, at 8:00 a.m. is hereby **VACATED.** Two
23 motions now having been made, plaintiffs may make no further motions to seal this
24 testimony.

25 **IT IS SO ORDERED.**

27 Dated: September 14, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2