United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FREDERICK JACKSON, ASHLEY NICOLE JACKSON, and BRIANA FREDRANIQUE ANNETTE JACKSON,

    Plaintiffs,

v.

GERALD VINCENT LOMBARDI, individually and as an officer of the City of Pittsburg Police Department (Badge # 275), CORY LEE SMITH, individually and as an officer of the City of Pittsburg Police Department (Badge # 285), SANKARA REDDY DUMPA, individually and as an officer of the City of Pittsburg Police Department (Badge # 291), WILLIAM BLAKE HATCHER, individually and as an officer of the City of Pittsburg Police Department (Badge # 274),

    Defendants.

No. C 09-01016 WHA

**ORDER GRANTING PLAINTIFF FREDERICK JACKSON'S MOTION AND DENYING DEFENDANTS' MOTION FOR ENTITLEMENT TO ATTORNEY'S FEES AND VACATING HEARING**

**INTRODUCTION**

Both sides have filed motions for attorney's fees. After a jury trial and post-trial motions, plaintiff Frederick Jackson won on his First Amendment claim against Officer Gerald Vincent Lombardi in the amount of $250,000. In all other respects judgment was against plaintiffs and for numerous defendants.

This order will proceed to address entitlement to attorney's fees and then, if either side is entitled to them, it will set out a procedure for consideration of the amount to be awarded.

## PLAINTIFF FREDERICK JACKSON'S MOTION

Plaintiff Frederick Jackson moves for attorney's fees under 42 U.S.C. 1988(b), pursuant to which "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . ." A prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Thomas v. City of Tacoma*, 410 F.3d 644, 647 (9th Cir. 2005) (citations omitted).

Again, of the plaintiffs, only plaintiff Frederick Jackson moves for attorney's fees under Section 1988. Frederick Jackson prevailed against Officer Lombardi but not against the other defendants. He lost on all other claims and all other plaintiffs lost on all of their claims. "The fact that Plaintiff failed to recover on *all* theories of liability is not a bar to recovery of attorney's fees." *Id.* at 649 (emphasis in original) (where plaintiff prevailed against one out of 27 defendants). Therefore, plaintiff Frederick Jackson is entitled to fees under Section 1988 absent "special circumstances."

In opposition to plaintiff's motion, defendants state the following:

> If it was the court's intent to determine definitively that neither side "prevailed" over the other, then it is true that the plaintiffs are not entitled to any attorneys' fees at all. But for this court's "finding" in its earlier order regarding costs, the defendants would not have wasted any time contesting the plaintiffs' (really Mr. Jackson's) "entitlement" to some attorneys' fees. In short, a dispute between the parties under §1988 will concern the amount of such fees, rather than the absence of them.

This passage is not clear. What can be meant by an "absence" of attorney's fees? Perhaps defendants mean to say that they do not contest plaintiff's entitlement to fees, just the amount to be awarded. Perhaps instead defendants allude to a prior order regarding costs to point out its effect on Section 1988 analysis regarding attorney's fees. It is hard to know.

The order denying costs under Federal Rule of Civil Procedure 54 to all parties stated:

> [N]one of the parties can properly be termed a "prevailing party," . . . Though plaintiff Frederick Jackson prevailed on his First Amendment claim, judgment was entered against him on all other claims; and though defendants prevailed on all claims besides the First Amendment claim, judgment was entered against Officer Lombardi on that claim. Each party shall therefore bear his or her own costs.

(Dkt. No. 256.) To clarify, that order was referring to the fact that the costs claimed by the parties, discounted according to who won and who lost, cancelled each other out. Although

plaintiff Frederick Jackson prevailed against Officer Lombardi, he lost as to all other defendants. And though Officer Lombardi lost in part, all other defendants prevailed. Defendants claimed $8,037.61 in costs (Dkt. No. 225). Plaintiff Frederick Jackson claimed $10,998.65 in costs (Dkt. No. 216). Given that there was joint representation of both sides, both winning and losing plaintiffs and defendants all necessarily incurred the costs claimed by both sides. Therefore, the order denying costs did not mean that within each group (of plaintiffs and defendants) no one prevailed. It meant that taken as a group, no one prevailed *for purposes of determining costs*, because when discounting the costs claimed after taking into account that they were incurred by both winning and losing individuals, they cancelled each other out.

\*             \*             \*

If a plaintiff prevails, he is supposed to recover an attorney's fee unless special circumstances would render such an award unjust. "In applying the 'special circumstances' exception, [courts] focus on two factors: '(1) whether allowing attorney fees would further the purposes of § 1988 and (2) whether the balance of the equities favors or disfavors the denial of fees.'" *Thomas*, 410 F.3d at 648. On the other hand, defendants can recover attorney's fees only if plaintiffs' claims were "frivolous." *Id.* at 647. Unlike the costs problem, the attorney's fees law is lop-sided in favor of plaintiffs.

Applying this in our case, plaintiff Frederick Jackson's claims fall within the classic category of claims for relief that Congress had in mind in Section 1988. Jackson got tasered for exercising his First Amendment rights. Allowing attorney's fees will further the purposes of Section 1988 in this case, because it will encourage counsel to take cases in which citizens seek a meaningful opportunity to vindicate their civil rights. *See* S. REP. NO. 94-1011, at 2 (1976). Also, the balance of the equities favors plaintiff Frederick Jackson's entitlement to attorney's fees; this is not a case of any sort of bad faith by Mr. Jackson or any other equitable consideration that would render the entitlement unjust. Therefore, the special circumstances exception does not apply.

Given that there was joint representation of the plaintiffs, however, some of the efforts of plaintiffs' counsel were expended in support of the losing plaintiffs. Only a fraction of plaintiffs'

3

1  fees will be allowed, those that are found to have been incurred in support of Frederick Jackson's
2  win. Plaintiff Frederick Jackson is ordered to submit the amount of attorney's fees allocable to
3  *his* claims, not those of the other plaintiffs, along with supporting documents. Plaintiff must do
4  so by **NOVEMBER 15, 2010, AT NOON**.

## DEFENDANTS' MOTION

Defendants also move for attorney's fees. As stated, "[p]revailing defendants . . . may only be awarded attorney's fees pursuant to 42 U.S.C. § 1988(b) when the plaintiff's civil rights claim is 'frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" *Thomas*, 410 F.3d at 647.

A prior order stated "the evidence is not frivolous as to the claims of Frederick, Ashley, and Briana Jackson. The only exception could be Shawna Martin" (Dkt. No. 261). Therefore, this order must proceed to address whether Shawna Martin's claims were frivolous such that defendants would be entitled to attorney's fees resulting from defending against her claims.

Shawna Martin alleged excessive force and unlawful detention. Martin testified that she was handcuffed and that the handcuffs were "really, really tight." She was detained in a police car for about an hour.

"It is well-established that overly tight handcuffing can constitute excessive force." *Wall v. County of Orange*, 364 F.3d 1107, 1112 (9th Cir. 2004) (citations omitted). And "[t]he issue of tight handcuffing is usually fact-specific and is likely to turn on the credibility of the witnesses." *LaLonde v. County of Riverside*, 204 F.3d 947, 960 (9th Cir. 2000). Furthermore, with regard to unlawful detention:

> An officer's authority to detain incident to a search is categorical . . . [P]olice do not, however, have unfettered authority to detain . . . in any way they see fit. Rather, the detention must be conducted in a reasonable manner. [D]etaining a person in handcuffs . . . is permissible, but only when justified by the totality of the circumstances.

*Tekle v. United States*, 511 F.3d 839, 849 (9th Cir. 2007) (citations and quotation marks omitted).

Summary judgment was denied as to Shawna Martin's excessive force claim because it required fact-finding and weighing by a jury. The order considering defendants' summary judgment motion stated: "Taking the facts in the light most favorable to plaintiff Martin, a

4

reasonable jury could find that the officers used an unreasonable amount of force in handcuffing her and as a result violated her Fourth Amendment rights" (Dkt. No. 119 at 10). Yet as to Martin's unlawful detention claim, that order granted summary judgment for defendants, stating: "Even accepting plaintiffs' version of events, plaintiff Martin's actions by disobeying the officers' commands and continuing to argue with her mother while the police were attempting to secure the crowded, chaotic scene justified her detention" (*id.* at 16).

At the end of the presentation of evidence at trial, but before the jury was charged, Martin's excessive force claim was dismissed. An order stated: "All claims by plaintiff Shawna Martin and/or against Officer Spires are dismissed under Rule 50 for insufficient evidence. The identification evidence is too weak or nonexistent and the exceedingly minor bruise was too minor to rise to the level of a constitutional violation" (Dkt. No. 193).

Even though Shawna Martin had too weak a case to go to the jury, there was a bruise and it came from the handcuffs. A reasonable litigant could have thought that Shawna Martin had a plausible case. It was insufficient but not frivolous. It follows that defendants are not entitled to attorney's fees under Section 1988. *Thomas*, 410 F.3d at 647.

## CONCLUSION

Based on the foregoing, plaintiff Frederick Jackson's motion for entitlement to attorney's fees is **GRANTED**. Plaintiff must submit his claimed amount and supporting documents by **NOVEMBER 15, 2010, AT NOON**. Defendants' motion for attorney's fees is **DENIED**. The hearing on the parties' motions for attorney's fees on November 18 is **VACATED**.

**IT IS SO ORDERED.**

Dated: November 5, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5