IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK JACKSON, ASHLEY NICOLE JACKSON, and BRIANA FREDRANIQUE ANNETTE JACKSON,<br><br>         Plaintiffs,<br><br>   v.<br><br>GERALD VINCENT LOMBARDI, individually and as an officer of the City of Pittsburg Police Department (Badge # 275), CORY LEE SMITH, individually and as an officer of the City of Pittsburg Police Department (Badge # 285), SANKARA REDDY DUMPA, individually and as an officer of the City of Pittsburg Police Department (Badge # 291), WILLIAM BLAKE HATCHER, individually and as an officer of the City of Pittsburg Police Department (Badge # 274),<br><br>         Defendants.<br>                                                                     / | No. C 09-01016 WHA<br><br><br>**ORDER REGARDING SUBMISSIONS OF PLAINTIFF FREDERICK JACKSON IN SUPPORT OF AWARD OF ATTORNEY'S FEES** |

A prior order determined that plaintiff Frederick Jackson, but no other plaintiff, is entitled to attorney's fees. Plaintiff's counsel was then given a deadline to submit documentation setting forth the amount of fees incurred in pursuing plaintiff Frederick Jackson's claims, and counsel did so. Defendants are granted leave to oppose the amount of fees requested in plaintiff's submissions, but not the entitlement that was established by prior order, by **DECEMBER 14, 2010, AT NOON**. Defendants may alternatively file a statement of nonopposition, as to the amount claimed, by that time.

If defendants contend that any item or project is improperly claimed or excessive, then the opposition must explain why and provide a declaration setting forth completely all time expended

by the opposing party on the same and on similar projects, in the same format as plaintiff's submission, so that symmetry may be considered. If any billing rates are challenged, then the opposition must state the billing rates charged to the opposing party for all professionals representing the opposing party in the case and their experience levels. The opposing declaration must also indicate, as to each challenged project, the percentage of the project the opposition contends was directed at issues on which fees are awardable, stating reasons for the percentage.

The opposing submissions may not simply attack the numbers in plaintiff's submission. It must also set forth a counter-analysis. The counter-analysis should be in the same format as plaintiff's submission, arriving at a final number. The opposition must clearly identify each line item in the application challenged as excessive, improper, or otherwise unrecoverable and explain why.

**IT IS SO ORDERED.**

Dated: December 2, 2010.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE