IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>GERALD VINCENT LOMBARDI,<br><br>Defendant.<br>　/ | No. C 09-01016 WHA<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DEPOSIT JUDGMENT, ATTORNEY'S FEES, AND COSTS IN COURT AND VACATING HEARING** |

Defendant Gerald Vincent Lombardi moves to deposit a money security with the Court, pursuant to FRCP 67. The proposed deposit includes the amended judgment ($250,000), attorney's fees ($346,073.50), and non-taxable costs ($10,847.76), for a total of $606,921.26.

"District courts have inherent discretionary authority in setting supersedeas bonds." *Rachel v. Banana Republic Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). FRCP 62(d) states that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond." Likewise, by leave of court, the amount of a money judgment may be deposited with the court pursuant to FRCP 67.

Both parties agree that a security may be deposited in order to stay execution of the judgment during appeal. The parties disagree, however, as to the amount and form of the security. Defendant wants only to deposit 100 percent of the amount of judgment against him, but he has provided no justification for why he should not have to deposit more than the full amount to include potential interest accrued and attorney's fees during the appeal. Providing only conclusory statements, defendant has not shown either financial ability to maintain solvency or that the security would create an undue financial burden — two reasons for which courts have

used discretion to allow other judgment guarantees. *Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979), *cited with approval in Int'l Telemeter Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985).

Plaintiff demands a supersedeas bond rather than a deposit with the Court in an interest-bearing account. Plaintiff has given no practical objection to why defendant must issue a more-expensive private bond pursuant to FRCP 62(d) rather than deposit the same amount with the Court pursuant to FRCP 67.

A stay shall be entered upon defendant's request after notification and proof that defendant has deposited with the Court the amount of 125 percent of the total judgment against him ($758,651.58). An increase in the security may be required to cover any additional amount awarded in costs or fees after appeal, upon motion at that time. This order shall serve as proof to the Clerk's office that it may accept a deposit from defendant Lombardi in the amount of $758,651.58. Defendant's motion is thus **GRANTED IN PART**. The hearing on August 11 is **VACATED**.

**IT IS SO ORDERED.**

Dated: July 25, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2