1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FREDERICK JACKSON, an individual,

       Plaintiff,

  v.

CITY OF PITTSBURG and G. LOMBARDI,
individually and as an Officer of the City of
Pittsburg Police Department,

       Defendants.

_____/

No. C 09-01016 WHA

**ORDER GRANTING
PLAINTIFF'S MOTION FOR
COSTS AND GRANTING IN
PART AND DENYING IN PART
MOTION FOR ATTORNEY'S
FEES ON APPEAL**

**INTRODUCTION**

     In this civil rights action, plaintiff moves for costs incurred before and during trial and attorney's fees on appeal. For the reasons stated below, the motion for costs is **GRANTED** and the motion for attorney's fees is **GRANTED IN PART** and **DENIED IN PART**.

**STATEMENT**

     This action was commenced in 2009. After a jury trial, judgment was entered in favor of plaintiff and defendant appealed. The judgment was affirmed. Our court of appeals issued two orders: (i) a memorandum order remanding the case for determination of taxable costs in the original proceedings, and (ii) an order transferring to this Court a motion for attorney's fees *on appeal*. Both issues — costs and appellate attorney's fees — are dealt with in this order.

     The earlier procedural history is as follows. This action arises from a police action in March 2008 during which plaintiff Frederick Jackson was tased multiple times. The jury found

1   in favor of Jackson, finding that Officers Cory Lee Smith, Sankara Reddy Dumpa, and Gerald

2   Vincent Lombardi used excessive force against Jackson in violation of his Fourth Amendment

3   rights, and that Officer Lombardi tased Jackson in retaliation for using speech protected by his

4   First Amendment rights.  After a post-trial motion, an amended judgment was entered, setting

5   aside the Fourth Amendment liability by reason of qualified immunity but maintaining judgment

6   against Officer Lombardi in the amount of $250,000 for violation of the First Amendment

7   (Dkt. No. 252).  Costs were denied to both parties, based on the determination that no one was

8   a "prevailing party."

9        Officer Lombardi appealed.  Jackson cross-appealed the qualified immunity holding.

10  Jackson also appealed the order denying costs to both parties.  On March 1, 2013, our court

11  of appeals affirmed the judgment save only as to the order denying costs which was vacated

12  (Dkt. No. 331).  In a separate order, it also transferred consideration of Jackson's motion for

13  attorney's fees to this Court (Dkt. No. 339).

14       Pursuant to these orders by our court of appeals, Jackson now moves for attorney's fees

15  on appeal and recovery of costs related to the prior proceedings.

**ANALYSIS**

16  **1.    COSTS.**

18       Our court of appeals has held that "because [Jackson] prevailed on his First Amendment

19  claim and won compensatory damages for his injuries, Jackson was the prevailing party" (Dkt.

20  No. 331 at 6).  As the matter comes to us now, Jackson is the prevailing party.  Nonetheless, the

21  decision of whether to award costs to Jackson is still discretionary.

22       There is a presumption in favor of awarding costs to the prevailing party and "the losing

23  party must show why costs should not be awarded."  Here, counsel for Officer Lombardi failed

24  to show that this case represents one of the "rare occasion[s] where severe injustice will result

25  from an award of costs."  *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

26       Counsel for Officer Lombardi contends that "the defense had a greater degree of success"

27  and that Jackson "did not prevail on the central issue in this case, viz., excessive force" (Dkt.

28  No. 346 at 3).  Indeed, courts may reduce cost awards based on partial victory.  *Padgett v.*

United States District Court

For the Northern District of California

1   *Lobenthal,* 706 F.3d 1205, 1208 (9th Cir. 2013). The instant action, however, does not warrant

2   a reduction of costs. Jackson prevailed on a main issue, which achieved most of the benefit he

3   sought in bringing suit. Accordingly, as the prevailing party, Jackson is entitled to an award of

4   costs. No special circumstances would support a different conclusion.

5          Contrary to defense counsel, the pre-trial settlement offers herein do not affect the

6   calculus. Evidently, Officer Lombardi offered Jackson $25,000 to settle, but Jackson declined

7   and eventually recovered ten times that amount. That he was hoping for even more hardly erases

8   his victory. This is not a case where a plaintiff recovered no more than was offered before trial

9   by the losing side. *See Berkla v. Corel Corp.*, 302 F.3d 909, 922 (9th Cir. 2002).

10          Officer Lombardi challenges specific items taxed under Rule 54(d)(1) (Dkt. No. 227).

11   The proper inquiry is whether the expenditures were reasonable at the time incurred. This order

12   finds that the deposition and subpoena costs, itemized in Jackson's bill of costs, were necessary,

13   reasonable and actually incurred by Jackson. There is no significant difference between parties

14   in the total costs and the number of depositions taken (21 by Jackson, 19 by Officer Lombardi),

15   a further indication that the costs claimed by Jackson are reasonable. Accordingly, Jackson's

16   motion for award of costs in the amount of $10,998,05 is **GRANTED**.

17          **2.      ATTORNEY'S FEES.**

18          Jackson also seeks attorney's fees incurred on the appeal and cross-appeal in this action.

19   Officer Lombardi opposes the motion for attorney's fees on several grounds (Dkt. No. 344).

20   He contends that attorney's fees associated with Jackson's unsuccessful cross-appeal are not

21   recoverable, that Jackson's counsel seek recovery of unreasonable rates, and that numerous time

22   entries of Jackson's counsel are subject to challenge. Each of Officer Lombardi's objections will

23   be considered in turn.

24          **A.      Fees Associated with the Cross-appeal.**

25          Jackson seeks attorney's fees not only for his successful defense of the First Amendment

26   issue, but also for his unsuccessful cross-appeal of the qualified immunity issue. Fees may be

27   awarded for work on successful appeals of the district court's award but not for unsuccessful

28   ones. *Thompson v. Gomez*, 45 F.3d 1365, 1369 (9th Cir. 1995).

3

United States District Court

For the Northern District of California

1        To support his claim for attorney's fees associated with the cross-appeal, Jackson cites

2   *Clark v. City of Los Angeles,* 803 F.2d 987, 993 (9th Cir. 1986). *Clark* held that "[a]lthough

3   they were prevailing parties in the case overall, it is clear that nothing associated with the appeal

4   contributed to any favorable result achieved by the litigation." Jackson successfully defended

5   the appealed decision and the damage award related to it. Cross-appealing other parts of that

6   decision was not necessary to successfully defend the appeal. Nor did the cross-appeal on the

7   qualified immunity issue contribute to the affirmance on the First Amendment issue. Therefore,

8   no attorney's fees will be awarded for the cross-appeal.

9        Jackson would interpret *Clark* to mean that he should recover all appellate fees unless

10  the cross-appeal resulted in a materially worse outcome for him — regardless of whether the

11  cross-appeal contributed to a favorable outcome. This expansive view of *Clark* is rejected.

12  Accordingly, no attorney's fees can be recovered for time spent on developing the qualified

13  immunity argument on appeal (56.2 hours). Jackson's motion for attorneys fees for work spent

14  appealing the qualified immunity issue is therefore **DENIED**. Officer Lombardi's submission that

15  Attorneys Bradley and Chen should have labeled more time entries as related to the qualified

16  immunity issue is noted and will influence the total amount of hours recoverable by Attorneys

17  Watkins, Bradley and Chen.

18                    **B.      Time Entries of Attorney Lagos.**

19       Officer Lombardi also objects to the hourly rate of $450 for Attorney Lagos. A previous

20  order, dated May 3, 2011, held that a $425 hourly rate for Attorney Lagos is "reasonable and

21  appropriate" (Dkt. No. 309). This order agrees with Officer Lombardi that any experience

22  Attorney Lagos gained since May 2011 does not justify a departure from that rate. Accordingly,

23  this order finds that $425 is the appropriate hourly rate for Attorney Lagos.

24       Next, Officer Lombardi submits that Attorney Lagos block-billed several of his time

25  entries and that some of these entries are clerical in nature.

26       Our court of appeals has defined block-billing as "the time-keeping method by which

27  each lawyer and legal assistant enters the total daily time spent working on a case, rather than

28  itemizing the time expended on specific tasks." *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d

942, 945 n.2 (9th Cir. 2007).  In the billing entries at issue, Attorney Lagos included multiple tasks within a single time entry.  None of the entries, however, exceed two hours and they are detailed enough to assess the reasonableness of the hours billed.  Accordingly, although more detail would have been preferable and it is a close call, this order finds that the time entries were sufficiently detailed to determine what tasks were performed.  Entries will be subtracted in their entirety if they combine clerical work with work for which attorney's fees could otherwise be claimed.

Officer Lombardi contests some of Attorney Lagos' entries, arguing they are clerical in nature.  It is appropriate to distinguish between legal work and clerical work which can be accomplished by non-lawyers.  *Missouri v. Jenkins,* 491 U.S. 274, 288 n.10 (1989) (citation omitted).  This order agrees with Officer Lombardi that some of the time entries are clerical in nature; to wit, the time entries of November 9, 2010 — "filed notice of cross-appeal in San Francisco," January 23, 2012 — "pulled file copied requested exhibits," and January 24, 2012 — "retrieved/copied trial exhibits from court" reflect tasks that could easily have been performed by secretarial staff.  Accordingly, this order finds that no fees can be awarded for these entries, totaling 3.75 hours.

Jackson concedes that these hours are clerical in nature and should be billed at a paralegal rate (Dkt. No. 345 at 18).  But work that is of a clerical nature should be subsumed in firm overhead rather than billed at paralegal rates.  *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009).  Recovery of such entries, even at a reduced rate, is not appropriate.  These time entries will therefore be subtracted from Attorney Lagos' timesheet.

All other time entries of Attorney Lagos are reasonable.  Therefore, Jackson's motion for attorney's fees for the work done by Attorney Lagos at an hourly rate of $425 and with the exclusion of 3.75 hours is **GRANTED**.  For work performed by Attorney Lagos, Jackson shall be awarded fees for 30.69 hours, for a total of **$13,043.25**.  This number includes the additional hours spent working on the reply memorandum on the issue of attorney's fees, as requested by Jackson therein.

1             **C.**       **Time Entries of Watkins, Bradley and Chen.**

2        Attorneys Watkins, Bradley and Chen were co-counsel for Jackson on appeal.

3 Officer Lombardi objects to the hourly rate of these attorneys.  He also objects to their time

4 entries, alleging they are "excessive" because three attorneys spent time on the appeal and

5 because Attorney Bradley billed an "alarming" amount of one hour or half-hour time entries.

6        In determining a reasonable hourly rate, the district court should be guided by the rate

7 prevailing in the community for similar work performed by attorneys of comparable skill,

8 experience and reputation, although it may also "rely on its own familiarity with the legal

9 market." *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (citations omitted).

10 The parties have each submitted expert testimony opining on the prevailing rate in the legal

11 market.  Attorney Bradley is a 2005 law school graduate while Attorneys Watkins and Chen are

12 both 2006 law school graduates.  Their level of experience justifies a reduction of the hourly fee

13 requested to bring it in line with the average rate for comparable attorneys.  Accordingly, this

14 order finds that a rate of $325 per hour is reasonable for Attorneys Watkins, Bradley and Chen.

15        Attorney Bradley had primary responsibility for drafting and legal research in this appeal.

16 She spent a total of 191 hours working on the appeal (excluding the cross-appeal).

17 Attorneys Watkins and Chen worked a total of 29.5 and 32.4 hours, respectively.  After applying

18 the five percent "discount" to account for "potential overcharges" this comes to a total of

19 240.25 hours (Dkt. No. 345 at 19–20).  Attorney Bradley declared that while she does record

20 time in six-minute increments, she "routinely reduces the time [she] bill[s] down to an even hour

21 to account for any potential inefficiencies in the use of [her] time" (Bradley Reply Decl. ¶ 4).

22        While a reduction of fees may be warranted for duplicative time entries, by and large,

23 the court should defer to the winning lawyer's professional judgment as to how much time he

24 was required to spend on the case.  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir.

25 2008).  According to Jackson, the time of Attorneys Watkins and Chen "primarily consisted of

26 editing, substantive cite checking, record checking and Bluebooking" (Dkt. No. 345 at 14).  It is

27 not unreasonable, however, to ask colleagues to proofread or edit briefs.  Proofreading is an

28 important element of drafting briefs and is best left to colleagues as the responsible attorney may

United States District Court

For the Northern District of California

1  overlook mistakes more easily.  What is more, Attorneys Watkins, Bradley and Chen lowered

2  their total amount of hours by five percent to reflect work that was potentially duplicative, and

3  they billed lower rates for paralegal-type work.

4       As for Attorney Bradley's time entries, this order finds that the full time equivalent of

5  nearly five forty-hour weeks was overkill for the appeal part of this case.  This will be reduced

6  to three weeks or 120 hours.  In the Court's judgment, if Attorney Lagos had done the appeal,

7  far less time would have been involved but he lateralled it off to brand new counsel who then

8  had to come up to speed.  Even if this is fully compensable, brand new counsel should have

9  spent no more than 120 hours on the appeal (excluding the cross-appeal) plus the week and a

10  half the other two attorneys spent cite checking the brief.

11       Jackson's motion for attorney's fees for the work done by Attorneys Watkins, Bradley

12  and Chen at the requested rate is **GRANTED**.  After subtraction of the hours spent on the qualified

13  immunity issue, Jackson shall be awarded fees for 169.8 hours at a rate of $325 and nine hours at

14  the requested paralegal rate of $125, for a total of **$56,310**.  This number includes the additional

15  hours spent working on the reply memorandum on the issue of attorney's fees, as requested by

16  Jackson therein.

17                                   **CONCLUSION**

18       For the reasons stated above, Jackson's motion for costs is **GRANTED** and his motion

19  for attorney's fees is **GRANTED IN PART** and **DENIED IN PART**.  Accordingly, Jackson shall be

20  awarded **$10,998.05** in costs.  Jackson shall be awarded **$69,353.25** in attorney's fees.

21  Defendants are hereby **ORDERED** to pay a total of **$80,351.30** in costs and attorney's fees.

22  Payment in full must be made by **NOON ON JULY 19, 2013**.

23

24       **IT IS SO ORDERED.**

25

26  Dated:  June 21, 2013.

27                                   WILLIAM ALSUP
                                     UNITED STATES DISTRICT JUDGE

28

7